1  JANET M. HEROLD
2  Regional Solicitor
   GRACE A. KIM (CSBN 247456)
3  Trial Attorney
4  United States Department of Labor
   Office of the Solicitor
5  350 S. Figueroa St., Ste. 370
6  Los Angeles, CA 90071
   Direct: (213) 894-3950
7  Facsimile: (213) 894-2064
8  Email: kim.grace@dol.gov
9
   Attorneys for Plaintiff, Seth D. Harris,
10 Acting Secretary, U.S. Department of Labor

**FILED**

JUN 1 7 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11          UNITED STATES DISTRICT COURT FOR THE
12              NORTHERN DISTRICT OF CALIFORNIA
13
*EDL*
14                    )
15 SETH D. HARRIS,          )  Case No.: **CV 13 2786**
16 Acting Secretary of Labor, )
   United States Department of Labor, )
17                    )  **COMPLAINT FOR**
                       )  **VIOLATIONS OF THE FAIR**
18          Plaintiff,    )  **LABOR STANDARDS ACT**
19       v.              )  **(29 U.S.C. §§ 201, et seq.)**
                       )
20 BEVERLY KUANG, as an individual )
21 and as managing agent of Beverly Resi- )
   dential Care Home, LLC, a limited lia- )
22 bility company, doing business as Bev- )
23 erly Residential Care Home; and XUE )
   YAN JIANG, also known as DAVID )
24 JIANG, as an individual and as manag- )
25 ing agent of Beverly Residential Care )
   Home, LLC, a limited liability compa- )
26 ny, doing business as Beverly Residen- )
27 tial Care Home, )
28          Defendants. )

1.  Plaintiff, SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), brings this action to enjoin defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home ("Kuang"), and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home ("Jiang") (Kuang and Jiang are hereafter collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, et seq.) (hereinafter called the "FLSA" or the "Act").

2.  This Court has subject matter jurisdiction under Section 17 of the FLSA, 29 U.S.C. § 217, as well as under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

3.
    a.  Defendant BEVERLY KUANG resides within the jurisdiction of this Court.
    b.  Defendant XUE YAN JIANG, also known as DAVID JIANG, resides within the jurisdiction of this Court.
    c.  Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID JIANG, at all times material hereto have acted directly or indirectly in the interest of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home ("Beverly Residential Care Home"), with an office and place of business at 446 Urbano Drive, San Francisco, California, 94127, within the jurisdiction of this Court; and Defendants are and at all times material hereto have been engaged in providing residential care home services for elderly clients.

4.  Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID JIANG, are, and at all times material hereto were, employing employees in and

1   about said place of business in ordering, receiving, unloading, storing, or handling

2   goods or materials being moved in interstate or foreign commerce from points

3   outside of California. Said employees, by reason of their employment, are and

4   were engaged in commerce or in the production of goods for commerce within the

5   meaning of the FLSA.

6   5. The business activities of Defendants BEVERLY KUANG and XUE YAN

7   JIANG, also known as DAVID JIANG, constitute, and at all times material hereto

8   have constituted, related activities performed through unified operation or com-

9   mon control for a common business purpose; and they are, and at all times materi-

10   al hereto have been, an enterprise within the meaning of Section 3(r) of the FLSA.

11   6. The aforementioned enterprise has, and at all times material hereto has had, em-

12   ployees engaged in commerce or in the production of goods for commerce, or em-

13   ployees handling, selling, or otherwise working on goods or materials that have

14   been moved in or produced for commerce, and said enterprise has, and at all times

15   material hereto has had, an annual gross volume of sales made or business done of

16   not less than $500,000.00, and said enterprise constitutes, and at all times material

17   hereto, has constituted, an enterprise engaged in commerce or in the production of

18   goods for commerce within the meaning of Section 3(s) of the FLSA.

19   7. Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID

20   JIANG, violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C.

21   §§ 206 and 215(a)(2), respectively, by employing employees engaged in com-

22   merce or in the production of goods for commerce within the meaning of the

23   FLSA, at wage rates less than the applicable federal minimum wage, which was

24   $7.25 an hour during the investigative period of March 12, 2011 through and in-

25   cluding March 11, 2013.

26   8. Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID

27   JIANG, violated the provisions of Sections 7 and 15(a)(2) of the FLSA, by em-

28   ploying employees who in workweeks were engaged in commerce or in the pro-

1   duction of goods for commerce, or who were employed in an enterprise engaged
2   in commerce or in the production of goods for commerce, within the meaning of
3   the FLSA, as aforesaid, for workweeks longer than forty hours without compen-
4   sating said employees for their employment in excess of forty hours per week dur-
5   ing such workweeks at rates not less than one and one-half times the regular rate
6   at which they were employed.

7   9. Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID
8   JIANG, violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA in that
9   they failed to make, keep, and preserve adequate and accurate records of employ-
10  ees and the wages, hours and other conditions and practices of employment main-
11  tained by them as prescribed by regulations duly issued pursuant to authority
12  granted in the FLSA and found in 29 C.F.R. Part 516.

13  10.

14  a. During the period from March 12, 2011 through and including March 11,
15  2013, Defendants BEVERLY KUANG and XUE YAN JIANG, also known as
16  DAVID JIANG, violated the above-described provisions of the FLSA.

17  b. As a result of the violations of the minimum wage and overtime provisions of
18  the FLSA, there is unpaid compensation due under the FLSA that is being
19  withheld by Defendants BEVERLY KUANG and XUE YAN JIANG, also
20  known as DAVID JIANG.

21  c. Judgment permanently enjoining and restraining such violations of the FLSA
22  is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

23  d. Judgment enjoining and restraining any continued withholding of unpaid min-
24  imum wage and overtime compensation due under the FLSA is specifically au-
25  thorized by Section 17 of the FLSA, 29 U.S.C. § 217.

26  WHEREFORE, cause having been shown, the Secretary prays for a judgment
27  against Defendants BEVERLY KUANG and XUE YAN JIANG, also known as DAVID
28  JIANG, as follows:

1    a. For an Order pursuant to Section 17 of the FLSA, permanently enjoining and re-
2       straining Defendants BEVERLY KUANG and XUE YAN JIANG, also known as
3       DAVID JIANG, their officers, agents, servants, employees, and those persons in
4       active concert or participation with them from prospectively violating the provi-
5       sions of Section 15 of the FLSA; and
6    b. For an Order:
7        i.   pursuant to Section 16(c) of the FLSA finding Defendants BEVERLY
8             KUANG and XUE YAN JIANG, also known as DAVID JIANG, liable for
9             unpaid minimum wage and overtime compensation due Defendants' em-
10            ployees and for liquidated damages equal in amount to the unpaid compen-
11            sation found due Defendants' employees listed in the attached Exhibit A
12            (additional back wages and liquidated damages may be owed to certain em-
13            ployees presently unknown to Plaintiff for the period covered by this Com-
14            plaint) and that such unpaid minimum wage and overtime compensation
15            and liquidated damages be paid from Defendants BEVERLY KUANG and
16            XUE YAN JIANG, also known as DAVID JIANG; or in the event liquidat-
17            ed damages are not awarded;
18       ii.  pursuant to Section 17 of the FLSA enjoining and restraining Defendants,
19            BEVERLY KUANG and XUE YAN JIANG, also known as DAVID
20            JIANG, their officers, agents, servants, employees and those persons in ac-
21            tive concert or participation with Defendants, from withholding payment of
22            unpaid back wages found to be due Defendants' employees and pre-
23            judgment interest computed at the underpayment rate established by the
24            Secretary of Treasury pursuant to 26 U.S.C. § 6621 and that such withhold-
25            ing of payments be enjoined and restrained from Defendants BEVERLY
26            KUANG and XUE YAN JIANG, also known as DAVID JIANG;
27   c. For an Order awarding Plaintiff the costs of this action; and
28

**COMPLAINT FOR VIOLATIONS OF THE FLSA**                              **Page 5 of 7**

1   d. For an Order granting such other and further relief as the Court deems to be nec-
2      essary or appropriate.
3
4   Dated: June 13 , 2013                    M. PATRICIA SMITH
5                                            Solicitor of Labor
6                                            JANET M. HEROLD
7                                            Regional Solicitor
8                                            DANIEL J. CHASEK
9                                            Associate Regional Solicitor
10
11
12                                           GRACE A. KIM
13                                           Trial Attorney
14
15                                           UNITED STATES
                                             DEPARTMENT OF LABOR
16                                           Attorneys for Plaintiff
17
18
19
20
21
22
23
24
25
26
27
28

1

## EXHIBIT A

|  | **Employee First Name** | **Employee Last Name** |
|---|---|---|
|  |  |  |
|  | *Bacon St. Home Employees* |  |
| 1 | Rui Yi | Chen |
| 2 | Su Juan | Chen |
| 3 | Su Ling | Li |
| 4 | Bi Lan | Liang |
| 5 | Fang Lian | Su |
|  |  |  |
|  | *Vale Ave. Home Employees* |  |
| 6 | Mei Zhen | Zhou |
| 7 | Dun Nu | Li |
| 8 | Kam Oi | Yu |
|  |  |  |
|  | *Urbano Dr. Home Employees* |  |
| 9 | Qiao Ying | Chen |
| 10 | Min Ling | Jiang |
| 11 | Qiong Zhong | Situ |
| 12 | Yu Ai | Tan |
| 13 | Xiao Qing | Wen |
| 14 | Xiu Yi | Yu |
|  |  |  |

**COMPLAINT FOR VIOLATIONS OF THE FLSA**

Page 7 of 7