1  JANET M. HEROLD
2  Regional Solicitor
   GRACE A. KIM (CSBN 247456)
3  Trial Attorney
4  United States Department of Labor
   Office of the Solicitor
5  350 S. Figueroa St., Ste. 370
6  Los Angeles, CA 90071
   Direct: (213) 894-3950
7  Facsimile: (213) 894-2064
8  Email: kim.grace@dol.gov

9  Attorneys for Plaintiff, Seth D. Harris,
10 Acting Secretary, U.S. Department of Labor

11         UNITED STATES DISTRICT COURT FOR THE

12              NORTHERN DISTRICT OF CALIFORNIA

13

14                              )
15 SETH D. HARRIS,              )
   Acting Secretary of Labor,   )
16 United States Department of Labor, )  Case No.:  13-CV-02786 EDL
17                              )
18         Plaintiff,           )  (PROPOSED)
19      v.                      )  CONSENT JUDGMENT & ORDER
                                )
20 BEVERLY KUANG, as an individual )
21 and as managing agent of Beverly Resi- )
   dential Care Home, LLC, a limited lia- )
22 bility company, doing business as Bev- )
23 erly Residential Care Home; and XUE )
   YAN JIANG, also known as DAVID )
24 JIANG, as an individual and as manag- )
25 ing agent of Beverly Residential Care )
   Home, LLC, a limited liability compa- )
26 ny, doing business as Beverly Residen- )
27 tial Care Home,              )
                                )
28         Defendants.          )
   _____)

Plaintiff, SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home ("Kuang"), and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home ("Jiang") (Kuang and Jiang are hereafter collectively referred to as "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

    A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5).

    B. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

    C. Defendants acknowledge their right to retain counsel in this matter.

    D. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

    E. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

    F. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the district court for the Northern District of California.

    G. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

    H. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervi-

1   sors at Defendants' residential care home facilities) have notice of, and un-
2   derstand, the provisions of this Consent Judgment.

I.   Defendants admit to misclassifying at least fourteen (14) of their employees
     who performed work at their residential care home facilities during the pe-
     riod from March 12, 2011 through and including March 11, 2013 ("Subject
     Period") as independent contractors ("Misclassified Employees").

J.   Defendants understand and expressly acknowledge that the provisions and
     safeguards guaranteed under the FLSA to employees, including but not lim-
     ited those found in Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5), apply to the
     Misclassified Employees.

K.   Defendants understand and expressly acknowledge that all individuals per-
     forming work, presently and in the future, for Defendants at one of their
     residential care home facilities (including but not limited to, individuals
     who: bathe, groom, clothe, feed, provide companionship or social interac-
     tion to client residents (such as taking residents on walks, playing games
     with residents), or otherwise care for client residents; cook meals; do laun-
     dry, perform related housekeeping duties, or perform administrative tasks)
     are considered, classified as, or will be classified as, employees of Defend-
     ants.  This classification includes, but is not limited to, those individuals
     whose job title at Defendants' residential care home facilities are that of
     "caretaker" or "administrator."  Defendants understand and expressly
     acknowledge that said employees enjoy all protections and safeguards guar-
     anteed under the FLSA, including but not limited to those found in Sections
     6, 7, 11(c), 15(a)(2) and 15(a)(5).

L.   Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during
     the Subject Period by paying at least fourteen (14) of the Misclassified Em-
     ployees wages at rates less than the applicable federal minimum wage in
     workweeks when said employees were engaged in commerce and in the

production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

M. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the Subject Period by employing at least thirteen (13) of the Misclassified Employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, and by failing to pay such employees compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

N. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the Subject Period by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA. Defendants understand and expressly acknowledge that by the date Defendants sign this Consent Judgment, Defendants will keep accurate records of the wages, hours, and other work conditions and practices for each and every individual who performs any work for Defendants at their current or future residential care home facilities.

O. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may

subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, Defendants' officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall not, contrary to the FLSA, misclassify individuals performing work, presently and in the future for Defendants at one of their residential care home facilities and as set forth in Paragraph K, <u>supra</u>, as non-employees, but shall treat and classify said individuals as employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

2. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care

Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

3. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rates at which he or she is employed.

4. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and

other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

5. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at their current or future residential care home facilities.

6. **IT IS FURTHER ORDERED** that Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall not withhold payment of **$161,774.80** which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period to those current and former employees of Defendants named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein.

7. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and any individual or entity acting on Defendants' behalf or at their

direction, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$323,549.60**, which is comprised of unpaid minimum wage and overtime compensation owed by Defendants in the amount of **$161,774.80**, and an additional equal amount as liquidated damages.

8. Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall pay to the Secretary the net amount of back wages due, as set forth in greater detail in Paragraph 10(a), infra, from the total amount of **$161,774.80**, which represents the unpaid gross minimum wage and overtime compensation hereby found to be due for the Subject Period to the current and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof.

9. Pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall further pay to the Secretary as liquidated damages the additional sum of **$161,774.80** hereby found to be due for the Subject Period to the current and former employees named in Exhibit A, attached hereto and made a part hereof.

10. The provisions of this Consent Judgment shall be deemed satisfied where Defendants comply with the following payment provisions:

   a. Within sixty (60) calendar days of the entry of this Consent Judgment, Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Susana Blanco, 90 Seventh Street, Suite 12-100, San Francisco, California, 94103, a schedule containing: (1) the employer's names, employer identification number(s), employer addresses and telephone numbers, and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, mobile telephone numbers, gross amount of back wages (as listed in the attached Exhibit A), amounts of legal deductions for Social Security and withholding taxes thereon, and the resulting net amount of back wages for each employee listed in the attached Exhibit A. Defendants shall be responsible for determining each employee's legal deductions

for Social Security and withholding taxes thereon from the amounts to be paid to the employees named in the attached Exhibit A, and for timely remitting said deductions to the appropriate governmental agencies entitled thereto.

b. Within sixty (60) calendar days of entry of this Consent Judgment, Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, shall initiate repayment of the back wages and liquidated damages described in Paragraphs 8 and 9, supra, by delivering two cashier's checks or money orders per employee listed in Exhibit A. The first cashier's check or money order will be in the amount of total net back wages due to said employee and shall have "Net BW Due" written thereon. The second cashier's check or money order will be for the full amount of liquidated damages due to said employee as set forth in the attached Exhibit A and shall have "Liquidated Damages" written thereon. Both checks shall include the firm name of "Beverly Residential Care Home" and shall be made payable to the order of the employee or "Wage & Hour Div., Labor." For example, payment to John Employee would be payable to "John Employee or Wage & Hour Div., Labor." Defendants shall deliver these payments to Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Attn: Susana Blanco, Suite 12-100, San Francisco, California, 94103.

11. In the event of a default in the timely making of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified

check to the Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

12. Upon receipt of the payments detailed in Paragraph 10(b), <u>supra</u>, the Secretary shall distribute said payments to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

13. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of a notice of rights, attached as **Exhibit B**, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding care home employees' rights under the FLSA ("Notice of Rights"). Exhibit B includes English and Chinese versions of the Notice of Rights. In the event the native language of any employee of Defendants is a language other than English and Chinese, Defendants shall ensure that the Notice of Rights is properly translated into that language. Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

a. Defendants shall post a copy of Exhibit B in a prominent location at all of Defendants' current residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms), and Defendants shall do the same at any future residential care home facility within ten (10) calendar days of it beginning operations;

b. Defendants shall provide a copy of Exhibit B with the first two paychecks for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees;

c. Defendants shall provide a copy of Exhibit B to all newly hired employees before or by the date said employee begins performing work for Defendants at one of Defendants' residential care home facilities.

14. Within ten (10) calendar days of the date that Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of Defendants' residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms). Defendants shall do the same at any future residential care home facility within ten (10) calendar days of it beginning operations. Copies of said posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

15. Within six (6) months of the date that Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, Defendants shall permit representatives from Wage and Hour to conduct a

training session for all individuals performing work at Defendants' residential care home facilities. Defendants shall also be present at said training, which shall be compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA and specific considerations relating to residential care home facility employees. Upon a determination by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendants' employees, during which time Defendants are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay.

16. Within ten (10) calendar days of the date that Defendants BEVERLY KUANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, and XUE YAN JIANG, also known as DAVID JIANG, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home, sign this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:

a. All individuals performing work for Defendants at any of their current residential care facilities (and any other location where individuals perform work for Defendants) shall record their work time in an accurate and timely manner, whether such recording be made through the use of a time clock, handwritten time records, or by other means ("Time Records"). Work time shall include, but is not necessarily limited to, time spent by individuals: bathing, grooming, clothing, feeding, providing companionship and social interaction with client residents (via taking residents on walks, playing games with residents), or otherwise caring for client residents; cooking meals; doing laundry, performing

related housekeeping duties, and performing administrative tasks. All individuals performing work for Defendants at any of their future residential care home facilities shall implement the same recordkeeping system within either the first day said facility begins operations or the first day said employee begins his or her employment with Defendants.

b. For each work week, Defendants shall sum each individual's Time Records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day, week and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work Hours Summary, write in corrections if necessary, and sign the Work Hours Summary. Each Work Hours Summary shall contain a statement in English and Chinese indicating that:

> **"Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties. If you think your Employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."**

Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all Work Hours Summary for inspection by the U.S. Department of Labor at any time and by any of Defendants' employees at any time. Defendants shall post in a prominent location at all of Defendants' current residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) a notice alerting employees that they have the right to inspect their Time Records and Work Hours Summary at any time without prior request ("Inspection Notice"). Defendants shall do the same at any future residential care home facility within the first day said facility begins operations.

c. Defendants shall not claim that lodging at Defendants' residential care home facilities is part of an employee's pay ("Lodging Credit") unless they comply fully with 29 C.F.R. Part 516, including but not limited to 29 C.F.R. § 516.27. Should Defendants opt to seek a Lodging Credit, Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a Lodging Credit is claimed. Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all receipts, expenditures and any other documentary support for any Lodging Credit claimed. Defendants shall make said Lodging Credit documentation available for inspection by the U.S. Department of Labor at any time and by any employee at any time without prior request. Should Defendants opt to seek a Lodging Credit pursuant to 29 C.F.R. Part 516, every quarter (on January 1, March 1, June 1 and October 1 of each year), Defendants shall post a statement in a prominent location at all of Defendants' current and future residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) detailing how Defendants calculated the amount of any claimed Lodging Credit during the previous calendar quarter ("Lodging Credit Notice"). Defendants shall continue to display any Lodging Credit Notice for two (2) years after claiming any Lodging Credit.

d. Should an employee of Defendants be required to be on duty for twenty-four (24) hours or more at any of Defendants' current or future residential care home facilities, Defendants and the employee may agree to exclude bona fide meal periods and bona fide regularly scheduled sleeping periods of up to eight (8) hours from that employee's hours worked ("Sleeping Time"), provided that Defendants comply fully with 29 C.F.R. Part 785, including but not limited to 29 C.F.R. § 785.22. Should Defendants opt to exclude Sleeping Time from an

employee's work schedule, Defendants shall, among other things, provide said employee with adequate sleeping facilities. Should an employee's sleeping period be interrupted by a call to perform work (including but not limited to tending to client residents), the period of interruption shall be counted as hours worked, as provided in 29 C.F.R. § 785.22.

e. Defendants shall not claim that food eaten by their employees at any of Defendants' current and future residential care home facilities is a part of said employees' pay ("Meal Credit") absent full compliance with 29 C.F.R. Part 531. Should Defendants opt to seek a Meal Credit, Defendants shall retain receipts for any food purchased for which they claim said credit. Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of receipts for food purchased as to which Defendants assert a Meal Credit. Defendants shall make these receipts available for inspection by the U.S. Department of Labor at any time and by any employee at any time without prior request. Should Defendants opt to seek a Meal Credit pursuant to 29 C.F.R. Part 531, every quarter (on January 1, March 1, June 1 and October 1 of each year), Defendants shall post a statement in a prominent location at all of Defendants' current and future residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) detailing how Defendants calculated the amount of any Meal Credit claimed during the previous calendar quarter ("Meal Credit Notice"). Defendants shall continue to display any Meal Credit Notice for two (2) years after claiming any Meal Credit.

17. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified herein for the back wage recovery provisions.

18. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding.

19. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: <u>October 1, 2013</u>                                    

United States District Judge

1

2

M. PATRICIA SMITH
Solicitor of Labor

3

4

JANET M. HEROLD
Regional Solicitor

5

Dated:  June 13, 2013

6

GRACE A. KIM
Trial Attorney

7

8

9

10

11

Dated:  06-13-2013

12

13

14

15

16

BEVERLY KUANG,
Defendant, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home

17

Dated: 06-13-2013

18

19

XUE YAN JIANG,
also known as DAVID JIANG ,
Defendant, as an individual and as managing agent of Beverly Residential Care Home, LLC, a limited liability company, doing business as Beverly Residential Care Home

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

3

| | Employee First Name | Employee Last Name | Gross Back Wages Due to Employee for Subject Period | Gross Liquidated Damages | Gross Total Amount Due to Employee for Subject Period |
|---|---|---|---|---|---|
| | | | | | |
| | *Bacon St. Home Employees* | | | | |
| 1 | Rui Yi | Chen | $858.60 | $858.60 | $1,717.20 |
| 2 | Su Juan | Chen | $25,621.76 | $25,621.76 | $51,243.52 |
| 3 | Su Ling | Li | $976.80 | $976.80 | $1,953.60 |
| 4 | Bi Lan | Liang | $8,966.56 | $8,966.56 | $17,933.12 |
| 5 | Fang Lian | Su | $2,645.28 | $2,645.28 | $5,290.56 |
| | | | | | |
| | *Vale Ave. Home Employees* | | | | |
| 6 | Mei Zhen | Zhou | $9,280.84 | $9,280.84 | $18,561.68 |
| 7 | Dun Nu | Li | $14,454.90 | $14,454.90 | $28,909.80 |
| 8 | Kam Oi | Yu | $12,453.00 | $12,453.00 | $24,906.00 |
| | | | | | |
| | *Urbano Dr. Home Employees* | | | | |
| 9 | Qiao Ying | Chen | $3,931.08 | $3,931.08 | $7,862.16 |
| 10 | Min Ling | Jiang | $2,729.25 | $2,729.25 | $5,458.50 |
| 11 | Qiong Zhong | Situ | $8,799.88 | $8,799.88 | $17,599.76 |
| 12 | Yu Ai | Tan | $16,415.20 | $16,415.20 | $32,830.40 |
| 13 | Xiao Qing | Wen | $25,638.20 | $25,638.20 | $51,276.40 |
| 14 | Xiu Yi | Yu | $29,003.45 | $29,003.45 | $58,006.90 |
| | | | | | |
| | **Total** | | **$161,774.80** | **$161,774.80** | **$323,549.60** |

26

27

28

**Exhibit B**

# LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of Beverly Residential Care Home and has determined that persons who work here, including caretakers and administrators ("you"), were wrongly classified as "independent contractors," and should instead have been treated as "employees" because your work is controlled by Beverly Residential Care Home and you are not independent business people. Some employers improperly classify employees as independent contractors so that the employers can avoid giving benefits to employees and can avoid paying payroll taxes.

In a settlement with the United States Department of Labor, Beverly Kuang and Xue Yan Jiang (also known as David Jiang) have voluntarily agreed to pay the back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA").

The FLSA provides that all employees must be paid **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over forty (40) in a workweek. All employees are entitled to overtime when they work over forty (40) hours.

Beverly Residential Care Home may make deductions from your wages if they provide you with **meals or lodging**. However, if they make these deductions, they must

also keep accurate records supporting these costs, such as receipts, and you are entitled to review those records to ensure that the deductions are proper.

If you work for 24 hours or more at a time, you must be provided with adequate sleeping facilities, and an uninterrupted night of sleep of five (5) hours or more. If your sleep is not interrupted, Beverly Residential Care Home does not have to pay you for eight hours to cover your sleep time. However, if your sleep is interrupted, because, for example, you must tend to client residents, that interruption must be counted as hours worked, and you must be paid for that time.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any question about your employment situation, such as your classification as an employee (versus independent contractor) and your rights to minimum and overtime wages.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

The Department wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.

展覽乙

## **Exhibit B**

對所有僱員的法律公告
## **LEGAL NOTICE TO ALL EMPLOYEES**

美國勞工部對

The United States Department of Labor conducted an investigation of Beverly

進行了調查和確定了這些工作人員包括護理者和

Residential Care Home and has determined that persons who work here, including care-

管理者 "您" 是不正確地分類為「獨立承包商」,

takers and administrators ("you"), were wrongly classified as "independent contractors,"

您應該規為僱員,因為您的工作受到

and should instead have been treated as "employees" because your work is controlled by

的控制,並且您不是獨立承包商人。 有些

Beverly Residential Care Home and you are not independent business people. Some

僱主用不適當地分類僱員為獨立承包商,以便僱主逃免給僱員福利

employers improperly classify employees as independent contractors so that the employ-

和並且能避免交工資稅。

ers can avoid giving benefits to employees and can avoid paying payroll taxes.

在美國勞工部決定字

In a settlement with the United States Department of Labor, Beverly Kuang, Xue

富自願

Yan Jiang (also known as David Jiang), and Beverly Residential Care Home have volun-

支付拖欠的工資和對您,拖欠的損失,和採取其它步驟去保證所有

tarily agreed to pay the back wages and liquidated damages owed to you, and to take

僱員適當地在工平標準勞工法之下拿到應付的工資。

other steps to ensure that all employees are paid properly under the Fair Labor Standards

Act ("FLSA").

在工平標準勞工法之下有提供每一個僱員都熟拿到工作上的

The FLSA provides that all employees must be paid **minimum wage** for all hours

最低工資。還有,所有僱員工作超過40小時一週都要支付超時工作工資

worked. In addition, all employees must be paid the **overtime** rate of time and one half

率的正常工資的一倍半。 所有僱員都可以

their regular rate for hours worked over forty (40) in a workweek. All employees are en-

得到超時當他們工作超過40小時。

titled to overtime when they work over forty (40) hours.

可以扣除你的工資如果他們提供

Beverly Residential Care Home may make deductions from your wages if they

然 用善或住宿。　　　　　但是 如果他們作出扣除,他們比需

1  provide you with **meals or lodging**.  However, if they make these deductions, they must

有準碑記錄和支援這些費用的數句,好像收據和您可以查這些記

2  also keep accurate records supporting these costs, such as receipts, and you are entitled

3  録去知道這些扣除是否正碑。

to review those records to ensure that the deductions are proper.

如果您工作廿四小時或以上,您必需要有睡眠的地方和最小有

5  If you work for 24 hours or more at a time, you must be provided with adequate

五小時 不能閒斷的睡眠。　　　　　　　　　　如果

6  sleeping facilities, and an uninterrupted night of sleep of five (5) hours or more.  If your

您的睡眠沒有中斷　　　　　　　　就不需要支付你入小時

8  sleep is not interrupted, Beverly Residential Care Home does not have to pay you for

的睡眠。　　　　　　但是,如果您的睡眠中斷了的話,因為,

eight hours to cover your sleep time.  However, if your sleep is interrupted, because, for

10  例如,您要照顧這些需要護理的人,這中斷睡眠就要作為做工作時

example, you must tend to client residents, that interruption must be counted as hours

12  間就要支付工資。

worked, and you must be paid for that time.

美國勞工部在此提醒您,您可以聯落勞工部如果您有任何

14  **The United States Department of Labor wants to remind you that you may**

問題關於您的工作情況,例如您應該規為雇員或規為獨立承包商

**contact the Department if you have any question about your employment situation,**

和你最低工資和起時工資的權利。

**such as your classification as an employee (versus independent contractor) and**

18  **your rights to minimum and overtime wages.**

如果您認為拿不到你應得到的工資,你可以知電 415-625-7720

**If you think you are not being paid in accordance with the law, you can call**

或 1-866-487-9243,你的名字張會保密。

21  **the United States Department of Labor, Wage and Hour Division, at (415) 625-7720**

22  **or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

勞工部在此提醒你,你也有職業上的權利在加洲正新法例之下,

24  **The Department wants to remind you that you also have employment rights under**

和你可以向加洲勞工部知電 415-703-5300 去詢問你的權利

**California state law and you may contact the California Division of Labor Standards En-**

26  forcement, at (415) 703-5300, for any questions you may have about those rights.

**(PROPOSED) CONSENT JUDGMENT & ORDER**　　　　　　　　**Page 23 of 23**